# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RANDALL LAMONT ROLLE,**
**D.O.C. # U-02521,**

      Plaintiff,

vs.                                       Case No. 4:07cv285-RH/WCS

**NICOLE RAYSOR, et al.,**

      Defendants.

                               /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, submitted a civil rights complaint on June 19, 2007. Doc. 1. Plaintiff simultaneously filed a motion seeking leave to proceed with *in forma pauperis* status. Doc. 2. Plaintiff, however, is not entitled to proceed *in forma pauperis* in the federal courts because he has already incurred three "strikes" under 28 U.S.C. § 1915(g).

Plaintiff previously initiated a civil rights case in this Court, case number 4:06cv373-MP/WCS, which was dismissed for failure to state a claim on December 22, 2006. Docs. 19, 24, and 25 of that case. Another civil rights case in this court,

4:06cv406-MP/WCS, was similarly dismissed as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  Docs. 19, 24, and 25 of that case.

Plaintiff also filed a § 1983 civil rights case in the Middle District of Florida, case number 3:07cv48-VMC-MCR, on January 19, 2007.  That case was summarily dismissed immediately after filing under 28 U.S.C. § 1915(e)(2) for failure to state a claim as Plaintiff's claim was also barred by <u>Heck v. Humphrey</u>, *supra*.  In that case, Plaintiff was attempting to challenge a disciplinary report for which he lost gain time.  Docs. 3, 4.  That dismissal means Plaintiff has accrued three "strikes" pursuant to § 1915(g) which precludes him from proceeding *in forma pauperis* in this civil rights action.

Pursuant to that statute, a prisoner may not bring a civil action "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff's claims have been reviewed to determine if he comes withing the "imminent danger of serious physical injury" exception.

Plaintiff's complaint names sixteen Defendants, none of whom are employees of the Florida Department of Corrections where he is incarcerated.  Rather, these Defendants are attorneys, judges, and persons employed in Probation.  Plaintiff's claims do not involve allegations concerning the conditions of his confinement and, thus, this case does not fall within the imminent danger exception.  These Defendants are not present with Plaintiff in prisoner and do not have personal contact with Plaintiff.

As Plaintiff does not fall within the "imminent danger" exception for proceeding with *in forma pauperis* status, 28 U.S.C. § 1915(g), this case must be dismissed without prejudice to Plaintiff refiling the case and simultaneously submitting the full filing fee. See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** because Plaintiff is barred by 28 U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2007.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**