**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RANDALL LAMONT ROLLE,
D.O.C. # U-02521,**

    **Plaintiff,**

vs.                                                        Case No. 4:07cv285-RH/WCS

**NICOLE RAYSOR, et al.,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, submitted a civil rights complaint, doc. 1, and *in forma pauperis* motion, doc. 2. Plaintiff's motion was denied. Docs. 5, 8. Plaintiff, however, subsequently paid the filing fee, doc. 12, and the matter was remanded on August 10, 2007. Doc. 14. In the interim, Plaintiff filed an amended complaint on August 1, 2007, doc. 11, and a notice of inquiry on August 16, 2007. Doc. 15.

Plaintiff's amended complaint names sixteen Defendants, some of whom are attorneys, judges, and persons employed in Probation. A civil rights complaint against such persons is not viable. The complaint is also against several entities such as the Florida First District Court of Appeal, the Second Judicial Circuit Court, the Office of the

Attorney General, the Office of the State Attorney, and the Florida Department of Corrections.  Those are not persons under § 1983 and are not proper Defendants.

Review of Plaintiff's claims reveal that Plaintiff is attempting to challenge his criminal conviction in this Court, dressed up as a § 1983 case.  Plaintiff is currently in prison serving a sentence which has not been invalidated or otherwise overturned.  Therefore, this § 1983 case is barred and may not go forward.

It is well established that prisoners may not seek to reduce their period of confinement through a civil rights action.  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); Heck, 512 U.S. 477, 114 S. Ct. at 2372.  Attacking the actions of persons who were involved in the criminal proceedings which led to Plaintiff's current incarceration is an attack on the legality of confinement.  That is a *habeas corpus* claim and may only be litigated through the filing of a habeas petition under 28 U.S.C. § 2254.[1]

Plaintiff claims that Defendants Rayso and Engles, probation officers, unlawfully had Plaintiff imprisoned based on their filing of probable cause affidavits and attesting to Plaintiff's violation of his probation.  Doc. 11.  Plaintiff contends they knew he had not

---

[1] This is not Plaintiff's first attempt at attacking his incarceration through a civil rights action.  Plaintiff's listing of cases on page ten and eleven of the complaint form illustrates this fact.  Plaintiff has previously brought cases 4:06cv373, 4:06cv452, 4:06cv401, 4:06cv406, 4:06cv408, and 3:07cv48.  Plaintiff has a pending habeas as well: case 4:06cv293.

What is even more illustrative are the number of cases Plaintiff initiated, but fails to list on the amended complaint: 4:07cv167, 4:07cv262, 4:07cv317, 4:05cv332, 4:05cv333, 4:05cv334, and 4:05cv479.  Plaintiff's complaint could be dismissed solely on the basis that he fails to honestly and completely disclose all prior cases.  Such conduct is abuse of the judicial process and counts as a "strike" under 28 U.S.C. § 1915(e)(2)(B)(i).  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.), *cert. denied* 524 U.S. 978 (1998).

violated his probation and failed to investigate a police officer's probable cause affidavit which was used to arrest Plaintiff prior to his being charged with violating his probation. Plaintiff contends that his attorney, Defendant Dandelake, violated rules of professional conduct and, in particular, failed to file a motion to suppress on his behalf. His attorney did not visit him in the Jail and did not line up witnesses for his hearing. His attorney made numerous other failures and omissions. The judge, Richard Hood, did not investigate Plaintiff's claims and the state attorneys did not dismiss the charges. Plaintiff contends he should not have had the violation of probation hearing in May of 2003. Plaintiff contends that probable cause did not exist to believe that he committed a crime. Plaintiff was convicted and sentenced to ten years in the Department of Corrections. *Id.*

Plaintiff also brings other claims of deficiencies and failures associated with his criminal appeal. His motions for postconviction relief were denied. The presiding judge there, Thomas Bateman, denied Plaintiff's motion without holding a hearing, another alleged failure. In short, all the defense attorneys, prosecuting attorneys, and judges have all committed constitutional error and Plaintiff contends a conspiracy must have existed to "imprision [sic] the plaintiff against his will and in great disregard to his rights . . . ." Doc. 11.

The absolute immunity of a defendant is one of a number of grounds which justifies § 1915(d) dismissal. Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990) and cases cited. If a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-

357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  In this case, the two judges Plaintiff names as Defendants were acting within their jurisdiction and were judges presiding over Plaintiff's criminal trial and appeal.  These Defendants are immune from this lawsuit and this case should be dismissed.

Moreover, representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors.  Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).  These claims are frivolous.

To the degree Plaintiff contends that the state attorneys and others violated his rights, those claims are barred by Heck, *supra*, and this § 1983 case must be dismissed as frivolous.  Plaintiff may not challenge any aspect of his criminal proceedings in this civil rights action unless he *first* obtains relief in habeas corpus.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 11, be **DISMISSED** for failure to state a claim upon which relief may be granted, because Plaintiff attempts to sue Defendants who are immune from damages, and because this case is frivolous pursuant to 28 U.S.C. § 1915(e)(2), and the order adopting this report and recommendation should direct the Clerk of Court to note on the docket this cause was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 22, 2007.

                                               s/   William C. Sherrill, Jr.
                                               **WILLIAM C. SHERRILL, JR.**
                                               **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**