IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

v.                                                    CASE NO. 4:07cv285-RH/WCS

NICOLE RAYSOR, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This matter is before the court on the magistrate judge's second report and recommendation (document 16), and the objections thereto (document 17). I have reviewed *de novo* the issues raised by the objections.

The report and recommendation recommends *sua sponte* dismissal of the amended complaint. The law of the circuit allows *sua sponte* dismissal on grounds like those involved here, so long as a plaintiff is afforded an opportunity to be heard. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007); *Danow v. Borack*, 197 Fed. Appx. 853, 856, 2006 WL 2671928, at *3 (11th Cir. 2006) (unpublished); *Jefferson Fourteenth Assocs. v. Wometco de P.R.,*

*Inc.*, 695 F.2d 524 (11th Cir. 1983). The plaintiff has been afforded an opportunity to be heard through the filing of objections to the report and recommendation.

The issue, then, is whether the amended complaint should indeed be dismissed. Plaintiff seeks relief for actions that led to his conviction and sentence to prison. The requested relief includes an award of damages for each day of incarceration. Plaintiff has filed a separate petition for a writ of habeas corpus that is not now before the court.

Under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 646-49, 117 S. Ct. 1584, 1588-89, 137 L. Ed. 2d 906 (1997), a state prisoner cannot properly pursue a §1983 action challenging the validity of his or her conviction and resulting incarceration, unless and until the conviction is vacated. The rule encompasses claims that, if successful, would necessarily indicate that the conviction and sentence were invalid. The central thesis of plaintiff's claims in the case at bar is that his conviction was invalid. A ruling in his favor necessarily would indicate he was improperly convicted—precisely as he says. *Heck* squarely bars these claims.

In his objections, plaintiff does not deny that his central claim is that his conviction is invalid. He asserts, though, that *Heck* does not bar a civil claim brought by a prisoner who is simultaneously pursuing a habeas petition. This is so,

plaintiff says, because when a prisoner is pursuing a separate habeas petition, it is clear that the civil action is not intended itself to be a habeas petition. This misses the point of *Heck*. Under *Heck*, a conviction can be challenged only in habeas, and only by the procedures applicable in habeas. A prisoner cannot bypass the habeas procedures by filing a civil action. This means the prisoner cannot pursue a civil action that, if successful, necessarily would call into question the validity of a conviction that has not yet been vacated in habeas. Any ruling calling into question the validity of the conviction must be sought and obtained in a habeas proceeding. Success in the habeas proceeding must occur before the civil action is filed. Because plaintiff has not yet succeeded in his habeas proceeding, he may not yet pursue the case at bar.

In addition, separate and apart from *Heck*, plaintiff has named defendants of five types but has failed to state a viable claim against any of them.

First, state entities are not persons who may be sued under 42 U.S.C. §1983. This requires dismissal of plaintiff's claims against the "Department of Corrections, Inc.," "State Attorney Office, Inc.," "Second Judicial Circuit Court, Inc.,," and "First District Court of Appeal, Inc."

Second, judges have absolute immunity when acting in their proper judicial capacity. This requires dismissal of plaintiffs claims against defendants Hood, Bateman, Ervin, Webster, and Hawkes.

Third, prosecutors have absolute immunity when acting in their proper prosecutorial capacity. This requires dismissal of plaintiff's claims against defendants Maceluch and Rollinson.

Fourth, plaintiff cannot recover against defendants Raysor (a probation officer) and Engles (her supervisor). Plaintiff says these defendants submitted an affidavit in state court asserting that plaintiff violated his conditions of supervision but that they did not in fact have probable cause to believe plaintiff had committed a violation. Even if the claim were not barred by witness immunity or by qualified immunity, plaintiff still would be unable to proceed on this claim at this time. This is so because plaintiff's conviction on the violation is binding on him and establishes as a matter of law that there was probable cause; unless and until vacated, the conviction thus precludes any civil claim that depends on the assertion that probable cause was lacking.

Finally, plaintiff cannot proceed on his claims against his attorneys in the underlying criminal action—defendants Dandelake and "Law Office of Frank Sheffield, Inc."—because, as the report and recommendation correctly concludes, a defendant's attorney, even if court-appointed, does not act under color of law. Moreover, if construed as a state malpractice claim, the claim cannot go forward unless and until the conviction is vacated. *See Steele v. Kehoe*, 747 So. 2d 931, 934 (Fla. 1999).

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The second report and recommendation is ACCEPTED. The clerk shall enter judgment stating, "This action is dismissed." The clerk shall close the file.

SO ORDERED this 7th day of September, 2007.

                                                  s/Robert L. Hinkle
                                                  Chief United States District Judge